**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHAIM BIBERFELD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Case No. ____________ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby provides notice of removal of the above-captioned action from the Supreme Court of the State of New York, County of Rockland, (the "State Court Action"), to the United States District Court for the Southern District of New York. In support of this Notice of Removal and in accordance with 28 U.S.C. § 1446(a), Chase provides "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" Chase in the State Court Action, and states as follows:

### Procedural Background

1. On September 11, 2026, Plaintiff Chaim Biberfeld ("Plaintiff") filed a putative class action complaint, on behalf of himself and all others similarly situated, against Chase in the Supreme Court, Rockland County (the "Complaint" or "Compl."), captioned *Biberfeld v. JPMorgan Chase Bank, N.A.*, No. 037199/2026. A true and correct copy of the Complaint is attached as **Exhibit 1**.

2. Chase was served with a copy of the Complaint on September 14, 2026, at its corporate headquarters in Columbus, Ohio. A true and correct copy of the affidavit of service filed in the State Court Action is attached hereto as **Exhibit 2**.

3. No other process, pleadings, or orders have been served upon Chase in the State Court Action.

**The Complaint**

4. Plaintiff alleges that he is "visually impaired and legally blind" and that, throughout 2026, he visited Chase's "website using a popular screen reading software called Voice Over, with the intent of browsing and potentially engaging." (Compl. ¶¶ 5, 21.)

5. Plaintiff further alleges that Chase failed "to maintain and operate its website in a way to make it fully accessible for himself and for other blind or visually-impaired people." (*Id.* at ¶ 6).

6. According to Plaintiff, Chase's website contains access barriers that prevented the screen-reading software from rendering website content into text and Plaintiff was "unable to send monies because the website is inaccessible to Plaintiff's reading assistant technologies." (*See id.* at ¶¶ 10, 22-25, 27)

7. Plaintiff brings this action individually and on behalf of a putative class defined as "All legally blind individuals in New York who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of services during the relevant statutory period." (*Id.* ¶ 33.)

8. The Complaint asserts claims for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, declaratory relief, and violation of New York Civil Rights Law § 40-c. (Compl. ¶¶ 33-55.)

9. Plaintiff seeks preliminary and permanent injunctive relief requiring Chase to make its website accessible, declaratory relief, statutory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and other relief the Court deems appropriate. (*Id.* at 11 (Prayer for Relief).)

**<u>Service on the State Court</u>**

10. As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the State Court of this Notice of Removal and serve a copy on all parties.

**<u>Venue</u>**

11. The State Court Action was filed in the Supreme Court of the State of New York, County of Rockland. Because Rockland County is within the Southern District of New York, venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a).

**<u>Timeliness</u>**

12. Section 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). This Notice of Removal is timely because it has been filed within thirty days after Chase was served with the Complaint on September 14, 2026.

**<u>The Court Has Federal Question Jurisdiction and Supplemental Jurisdiction</u>**

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14. Plaintiff asserts a claim against Chase for violations of the ADA, 42 U.S.C. § 12181 *et seq.* (Compl. ¶¶ 39-46.)

15. Because the Complaint asserts a claim arising under Title III of the ADA, a federal statute, this Court has original jurisdiction under 28 U.S.C. § 1331, and Chase may remove the action under 28 U.S.C. § 1441(a).

16. Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claim and claim for declaratory relief. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the case here. Plaintiff's claim under New York Civil Rights Law § 40-c and claim for declaratory relief arise from the same alleged barriers to accessing Chase's website that form the basis of his ADA claim. (Compl. ¶¶ 47-55.) Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claim and claim for declaratory relief.

**Reservation of All Rights and Defenses; No Admission of Liability**

17. By filing this Notice of Removal, Chase neither admits liability nor concedes the accuracy of Plaintiff's allegations or purported facts set forth in the Complaint, that Plaintiff has stated a claim upon which relief may be granted, that any class may be certified, or that Plaintiff is entitled to any relief. Chase expressly preserves, and does not waive, any rights or defenses available to it, including, but not limited to, those under Federal Rules of Civil Procedure 12 and 23.

18. Nothing in this Notice of Removal, including Chase's removal of this action, should be construed as inconsistent with, or as a relinquishment of, Chase's right to move to compel arbitration and to seek a stay or dismissal of this action, to the extent provided by any applicable agreement and governing law.

19. Chase reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

**Conclusion**

20. For the foregoing reasons, this Court has original and supplemental jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1367. Removal to this Court is proper under 28 U.S.C. § 1441(a), and Chase has timely satisfied the procedural requirements of 28 U.S.C. § 1446.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. hereby removes this action from the Supreme Court of the State of New York, County of Rockland, to the United States District Court for the Southern District of New York and respectfully requests that the action be placed on this Court's docket for all further proceedings.

Dated: October 5, 2026
New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Esterina Giuliani*
Esterina Giuliani
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: egiuliani@bakerlaw.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email and FedEx on October 5, 2026, to:

Daniel Zemel, Esq.
Zemel Law, LLC
660 Broadway
Paterson, NJ 07514
dz@ZemelLawllc.com

*/s/ Esterina Guiliani*
Esterina Giuliani